UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LISA M. RHODES                                                                              PLAINTIFF

v.                                                                            NO. 3:12:CV-00863-CRS-CHL

RISINGER BROS. TRANSFER, INC
and
PHILLIP S. PRINS                                            DEFENDANTS/THIRD PARTY PLAINTIFFS

v.

INTERMODAL REPAIR SERVICES, INC.                              THIRD PARTY DEFENDANT

### Memorandum Opinion

I. Introduction

This matter is before the Court on Third Party Defendant Intermodal Repair Services, Inc.'s motion for summary judgment on the third party complaint under Fed. R. Civ. P. 56(a). For the reasons below, the Court will grant the motion.

II. Background

Defendant Risinger Brothers Transfer, Inc. ("Risinger") contracted with Third Party Defendant Intermodal Repair Services Inc. ("Intermodal") to repair and maintain tractor trailers at a Chicago drop-yard.[1] Hoffman Dep. 10–11, ECF No. 101-12. Late on October 10, 2010, Defendant Phillip Prins, a driver employed by Risinger, picked up a trailer from the drop-yard.[2] Prins Dep. 39, 92, ECF No. 101-3. Two days before, Intermodal had replaced the trailer's left side rear axle brakes, left side front axle dual tires, and right side rear axle dual tires. Keller Dep. 40–44, ECF No. 101-7; Estimate of Repairs, ECF No. 101-8. Sometime between being serviced

---

[1] The drop-yard included a lot and repair shop where the trucks were serviced. *See* Keller Dep. 82–83, ECF No. 101-7.

[2] The trailer attaches to and is pulled by the tractor. Prins Dep. 10, ECF No. 101-3.

1

and when Prins picked up the trailer, the trailer was loaded with paper products. Keller Dep. 81, ECF No. 101-7.

Prins drove approximately 300 miles towards his destination in Selma, Alabama. *See* Prins Dep. 40, ECF No. 101-3. At about 7:44 A.M., Prins was driving southbound in the far right lane of Interstate 65 South near Shepherdsville, Kentucky. *Id*. at 45, 48–49. Another driver pulled alongside Prins and warned him that smoke was coming from one of the trailer's back tires. *Id*. Prins slowed down and pulled the vehicle to the edge of the road. *Id*. at 50. Seeing flames coming from back of the vehicle, Prins went to find his fire extinguisher. *Id*. He then decided to drive the tractor trailer towards a nearby exit ramp. *Id*. But before he was able to move the tractor trailer, he heard an explosion. *Id*. The back tire, bolts, and lug nuts were gone, and there was a hole in the tire's brake chamber. *Id*. at 50, 53, 73.

When the tire exploded, Plaintiff Lisa M. Rhodes was traveling in the middle lane of Interstate 65 North. Rhodes Dep. 39, ECF No. 101-2. The car in front of her swerved, she heard a "loud bang," and her airbag deployed. *Id*. at 43. She lost consciousness. *Id*. at 44. When she regained consciousness, her car was in the median. *Id*. Her arm, chest, stomach, and head were injured. *Id*. at 46–47. Her car could not be driven after the accident and was towed from the scene. *Id*. at 52, 59.

Directly after the explosion, Prins took three photographs of the trailer's damaged wheel hub assembly and called Risinger. *Id*. at 58, 64. Risinger sent a mechanic to get the trailer and truck off the road. Prins Dep. 58, 65, ECF No. 101-3. The mechanic repaired the left axle of the trailer such that it could be driven to the next exit. *Id*. at 58. The trailer was then repaired at a Love's Truck Stop. *Id*. at 59. When the repairs were finished, Prins drove the trailer to Selma. *Id*.

at 65–66. Debris from the wheel hub assembly and the repaired trailer parts were not found or kept, a fact that Risinger does not contest. Risinger's Resp. Mot. Summ. J. 6, ECF No. 123.

Rhodes later brought this action in the Bullitt County, Kentucky Circuit Court against Risinger and Prins (collectively "Risinger"). *Id*. She alleged that debris from the trailer's tire and wheel struck her car, causing her serious personal injuries. Rhodes Compl. 2, ECF 1-1.

Risinger removed the action to this Court, filed a third party complaint against Intermodal, and settled with Rhodes. The third party complaint remains pending. Risinger alleges that Intermodal failed to properly inspect the trailer, improperly and negligently repaired portions of the left rear tire assembly area, and failed to properly and completely communicate any issues discovered during the inspection and repair of the trailer at issue. Risinger Compl. 2–3, ECF No. 33. Risinger seeks an apportionment of fault instruction against Intermodal, contribution, and/or indemnification. *Id*. at 4.

Intermodal now moves for summary judgment on Risinger's third party complaint. Intermodal argues that (1) the apportionment and contribution claims fail as a matter of law, (2) the indemnity claim fails because Risinger is unable to prove that Intermodal's actions were a primary cause of the accident, and (3) summary judgment on the indemnity claim should be granted as a sanction for spoliation of evidence. Risinger does not contest Intermodal's argument that the apportionment and contribution claims fail as a matter of law. Risinger's Resp. Mot. Summ. J. 10, ECF No. 123. The Court thus will grant summary judgment on these claims. The Court will address the parties' arguments regarding the indemnity claim.

    III.    <u>Summary judgment on the Common Law Indemnity Claim</u>

Intermodal asserts that summary judgment should be granted on the common law indemnity claim because Risinger cannot demonstrate that its actions were the "primary and

efficient cause of the plaintiff's injuries." Intermodal's Mem. Supp. Mot. Summ. J. 14, ECF No. 101-1. Before granting a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party satisfies this burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). When resolving a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Indemnity is "the repayment to one party by another who caused the loss of such amounts, the first party was compelled to pay." *Liberty Mut. Ins. Co. v. L. & N. R.R. Co.,* 455 S.W.2d 537, 541 (Ky. 1970). Unlike apportionment and contribution, indemnity is a common law claim. *Degener v. Hall Contr. Corp.*, 27 S.W.3d 775, 780 (Ky. 2000).

There are two types of cases in which an indemnity claim may be asserted. First, there are cases when the party claiming indemnity is only constructively or technically liable, such as when an employer has been found liable for the torts of his employee. *Id*. Second, there are cases when both parties are at fault, and the party from whom indemnity is claimed was the "primary and efficient cause of the injury." *Id*. (*citing Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).

*Degener* provides an example of this second type of case involving an indemnity claim.

4

In *Degener*, two men allegedly constructed a homemade bomb using dynamite stolen from Hall Contracting Corporation. 27 S.W.3d at 777. The plaintiffs, three police officers, were injured while trying to disarm the bomb. *Id*. They filed suit against Hall Contracting, claiming that the company was negligent in failing to prevent the theft of the dynamite used to create the bomb. *Id*. Hall Contracting then filed a third party complaint against the thieves for any damages it would have to pay the injured officers. *Id*. The Kentucky Supreme Court held that that because the thieves were the primary cause of the officers' injuries, Hall Contracting was entitled to indemnity from the thieves. *See id*. at 781.

Similarly, in *Brown Hotel Co. v. Pittsburgh Fuel Co.*, a fuel company's employee failed to secure a lid to a manhole after he had unloaded coal for a hotel. 224 S.W.2d 165, 166 (Ky. 1949). A pedestrian was injured after he walked over the unsecured manhole lid. *Id*. The pedestrian sued the hotel. *Id*. The hotel then filed a third party complaint against the fuel company for indemnity. *Id*. The state appellate court held that the hotel was entitled to indemnity against the fuel company because the negligence of fuel company's employee was the "primary, efficient and direct cause of the accident." *Id*. at 167.

Here, Intermodal asserts that the evidence does not show that it played a primary role in the accident and thus that it is entitled to summary judgment on Risinger's claim for indemnity. Intermodal argues that the available evidence does not show how or why the wheel and tire separated from the trailer at issue or what part of the trailer struck Rhodes's vehicle. *See* Intermodal's Mem. Supp. Mot. Summ. J. 16, ECF No. 101-1. Intermodal additionally argues that Risinger cannot eliminate the possibility, based on the available evidence, that someone else repaired the trailer after it was serviced by Intermodal or during the loading process. *Id*. at 17.

Intermodal also claims that because Risinger failed to retain the damaged wheel, tire, and other trailer parts for investigation and inspection after the accident, the cause of the accident — including whether Intermodal's repairs had a primary role in the accident— ultimately cannot be determined. *Id*. In support, Intermodal relies on testimony from its Rule 26(a)(2) witnesses, Timothy Hicks and James Lane. Hicks and Lane observe that, based upon the photographs taken by Prins and witness depositions, the explosion appears to have caused the tire to separate from the wheel and that the lug stud threads could have been damaged. Hicks & Lane Ex. Report 3, ECF No. 101-15. The brakes seem to have been new and do not show signs of heat damage, and the bearing cap appears to have melted. *Id.* Hicks and Lane conclude that "sudden and significant energy release," likely from the tire, was necessary to cause the wheel and tire assembly to separate from the trailer. *Id*. at 8. Loose lug nuts would not cause a wheel and tire to come off the trailer. *Id*. The melted bearing cap could have been caused by a tire fire or bearing failure leading to a heat build-up. *Id*. at 8. Finally, Hicks and Lane conclude that the "root cause of the incident cannot be determined without a complete and proper accident investigation, including vehicle and component inspections." *Id*.

Risinger disputes Intermodal's characterization of the evidence. Risinger argues that the short time frame between the accident and Intermodal's maintenance of the trailer gives rise to the conclusion that Intermodal played a primary role in causing Rhodes's injuries. Risinger's Resp. Mot. Summ. J. 10, ECF No. 123. In response to Intermodal's contention that someone else could have repaired the trailer after it was serviced by Intermodal, Risinger maintains that the trailer area affected by the accident was the same area that Intermodal serviced and that the trip to load the trailer was the only one between the time of service and the time of the accident. Risinger's Resp. Mot. Summ. J. 11–12, ECF No. 123.

6

In contrast to Intermodal's assertion that the root cause of the accident cannot be determined without the wheel, tire, and other trailer parts, Risinger asserts that the cause can be determined from the available evidence. Risinger provides a Rule 26(a)(2) witness report in support of this argument. As detailed in his report, the witness, Marvin Bozarth, examined Prins's deposition and the photographs that Prins took of the damaged wheel hub assembly. Bozarth Ex. Report 2, ECF No 123-2. Bozarth asserts that the accident arose when the lug nuts on the trailer's wheel hub assembly loosened because Intermodal did not properly torque them. *Id*. He explains that when lug nuts are not properly torqued, they will eventually loosen from studs. *Id*. The wheels then begin to rub on the hub and studs, which generates heat, causing the tire to ignite. *Id*. The ignited tire will then explode. *Id*.

Viewing the evidence in the light most favorable to Risinger, this Court finds that there is not a genuine dispute of material fact regarding whether Intermodal played a primary role in the accident, which would allow Risinger to seek indemnity from Intermodal. That the accident occurred soon after Intermodal repaired the trailer does not lead to the inevitable conclusion that Intermodal caused the accident. More proof is necessary to show causation, proof that Risinger is unable to provide because it did not retain any trailer parts or debris after the accident.

Risinger's Rule 26(a)(2) witness report does not assist Risinger in proving that Intermodal played a primary role in the accident. As discussed above, the witness, Marvin Bozarth, concludes that the lug nuts loosened because Intermodal did not properly torque them, sparking a chain of events leading to the accident. Bozarth Ex. Report 2, ECF No 123-2. To support this conclusion, he generally states what can happen when a tire's lug nuts are not properly torqued. But he does not show that this is what happened *in this case*. And given the lack of evidence remaining from the accident, Bozarth cannot do so. He provides little more than

an unsupported theory as to what happened. Risinger thus cannot rely on Bozarth's report to assert that there is a genuine issue of material fact regarding the cause of the accident. Because there is not a genuine dispute of material fact, Intermodal is entitled to summary judgment on Risinger's indemnity claim.

      IV.      Summary Judgment as a Sanction for Spoliation of Evidence

Intermodal argues in the alternative that Risinger engaged in spoliation of evidence, which should be sanctioned by a grant of summary judgment on the indemnity claim. Intermodal's Mem. Supp. Mot. Summ. J. 18, ECF No. 101-1. Intermodal asserts that (1) Risinger's actions meet the Sixth Circuit's three part test for a spoliation sanction and (2) that summary judgment should be granted regardless because Risinger destroyed critical evidence. *Id.* at 18, 21.

      A.      Three Part Test for Spoliation Sanction

Intermodal maintains that it has demonstrated the conditions necessary to sanction Risinger for spoliation of evidence based on recent Sixth Circuit precedent. *See* Intermodal's Mem. Supp. Mot. Summ. J. 18–20, ECF No. 101-1. To obtain a sanction for spoliation against a party who destroyed evidence, the moving party must demonstrate the existence of three conditions. *Byrd v. Alpha Alliance Ins. Corp.*, 518 Fed. Appx. 380, 383–84 (6th Cir. 2013) (*citing Beaven v. United States DOJ*, 622 F.3d 540, 553 (6th Cir. 2010)). First, the moving party must show that the party controlling the evidence had an obligation to preserve it when it was destroyed. *Byrd*, 518 Fed. Appx. at 384. A party has an obligation to preserve evidence when it should know that the evidence might be relevant to future litigation. *Id*. Second, the party must demonstrate that the evidence was destroyed with a culpable state of mind. *Id*. That is, the moving party must show that the party who destroyed the evidence did so "knowingly or

negligently." *Id*. Third, the party must show that the destroyed evidence must have been relevant to the moving party's claim or defense such that it could support that claim or defense. *Id*. at 385.

Intermodal has met the three factors necessary for a spoliation sanction. First, Risinger should have known that any evidence remaining from the accident, including the trailer's wheel, tire, lug nuts, lug studs, and wheel end components, could be relevant to future litigation. As shown in its accident report, Risinger was aware that the accident was DOT reportable and would be reported to its insurance company. Accident Report, Intermodal's Mem. Supp. Mot. Summ. J. 19, ECF No. 101-1. It also knew that three cars were damaged by the trailer debris. Prins Dep. 58–60, ECF No. 1-103; Keller Dep. 52, ECF No. 101-7. In an email sent the morning of the accident, a Risinger manager called the accident "very serious" because there was damage to the trailer and because it involved three cars. Email from Joe Keller, Maintenance Manager, Risinger, to John Wiora, Intermodal Maintenance Group, & Ken Dison (Oct. 11, 2010, 08:35 EST), ECF No. 123-1. Risinger should have known this "very serious" accident could lead to litigation and that that the trailer parts remaining from the accident would be relevant to this future litigation.

Second, Risinger negligently disposed of the trailer parts. Prins took photographs of the damaged wheel hub assembly and sent them to Risinger. Prins Dep. 58, ECF No. 101-3. But Risinger did not keep any debris or the damaged wheel hub assembly, indicating that Risinger was at least negligent. Risinger's Resp. Mot. Summ. J. 6, ECF No. 123.

Third, the missing pieces of the trailer would be relevant to resolving Intermodal's involvement in the accident. If Intermodal had access to the wheel, tire, lug nuts, lug studs, and wheel end components, it could use the evidence to strengthen its defense. That Intermodal has

9

shown the three conditions necessary for a spoliation instruction provides an additional and alternative reason for why the Court will grant summary judgment.

  B.  <u>Destruction of Critical Evidence</u>

Intermodal also argues summary judgment on the indemnity claim should be granted as a sanction for spoliation of evidence regardless because Risinger destroyed critical evidence, thereby preventing Intermodal from defending its case. Intermodal's Mem. Supp. Mot. Summ. J. 21–26, ECF No. 101-1. A court may sanction a party who destroys evidence in anticipation of litigation. *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) (en banc). Sanctions may include "dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Id*.

*Silvestri v. General Motors Corp.*, a case to which the Sixth Circuit cites in *Bryd* and *Adkins*, provides an example of a spoliation sanction consisting of dismissal. 271 F.3d 583 (4th Cir. 2001). In *Silvestri*, Mark Silvestri crashed a Chevrolet automobile that belonged to his landlady. *Id*. at 586. During the accident, the airbag did not inflate, and Silvestri suffered severe facial injuries. *Id*. Afterwards, Silvestri did not take actions to preserve the vehicle. *Id*. at 587. He later filed a products liability action against General Motors Corporation, alleging that had the airbag properly inflated, he would not have been injured. *Id*. at 585. The district court dismissed the case, concluding that Silvestri's failure to preserve the vehicle was highly prejudicial to General Motors' defense. *Id*. at 598. On appeal, the Fourth Circuit explained that "dismissal may be necessary if the prejudice to the defendant is extraordinary, denying it the ability to adequately defend its case." *Id*. at 592. Silvestri's failure to preserve the vehicle deprived General Motors of the only evidence through which it could sufficiently develop its defenses. *Id*.

at 594. The appellate court thus affirmed the district court's dismissal of Silvestri's claims against General Motors. *Id*. at 594.

Here, Risinger's failure to keep the trailer's wheel, tire, lug nuts, lug studs, and wheel end components that were accessible after the accident is highly prejudicial to Intermodal. Without these trailer parts, the cause of the accident cannot be determined. The lack of available evidence also prevents Intermodal, like General Motors in *Silvestri*, from developing its defenses. Thus, the Court finds that the substantial prejudice to Intermodal resulting from Risinger's failure to keep critical evidence provides additional and alternative grounds for a grant of summary judgment.

V. Conclusion

The Court will grant Intermodal's motion for summary judgment on Risinger's claims for appointment, contribution, and indemnity in the third party complaint, and the third party complaint will be dismissed with prejudice.

August 29, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**